## Reed *v.* Cage *et al.*

The plea of former payment on garnishment by an attaching creditor, must show that the defendant answered on oath, and admitted his indebtedness, and that his answer was predicated upon the debt in controversy, and not upon any other, nor by holding property belonging to the debtor. Unless the plea aver that it is the same debt which the defendant acknowledged in his answer on the garnishment, and for which judgment was had against him, it will be no bar to the action, and, therefore, demurrable.

IN error to the circuit court from the county of Adams.

Winchester, for plaintiff in error.

McMurran, *contra.*

Mr. Chief Justice SHARKEY delivered the opinion of the court, which contains a sufficient statement of the only question involved in the cause.

This action was brought against the plaintiff in error on a promissory note, to which he pleaded several pleas, one of which was that the note was given to, and for the benefit of one Fuqua, who had absconded, and that he as a debtor to Fuqua, had been garnisheed under a proceeding by attachment; that he appeared in obedience to the garnishment and answered. That the attaching creditors obtained judgment against Fuqua, and also against the plaintiff in error, on his answer, and that executions issued and he paid the amount of the judgments so recovered against him. To this plea the plaintiffs below replied that the judgments against the plaintiff in error as garnishee, were recovered and suffered by fraud, covin and negligence. The plaintiff in error demurred generally to the replication, which was overruled and issue taken. On the trial the plaintiffs attempted to show notice to Reed of the transfer of the note, in support of their replication, by reading the copy of a letter from the letter book of plaintiffs,

and proving the hand writing of the clerk who copied it, and his death. They also proved the actual transfer on the 12th December, 1822, a short time before the note became due.

There are only two questions presented by the assignment of errors, the first is, that the demurrer to the replication should have been sustained; and the second is, that the deposition by which the notice by letter was attempted to be proved was improperly admitted as evidence.

On the first point there can be no doubt but what the court erred in overruling the demurrer, as there was abundant ground to sustain it to the plea itself. The replication, although it may not be faultless, is far less objectionable than the plea. By the plea it is averred that the defendant was summoned as a garnishee, and that he appeared in obedience to the summons, and made his statement in writing under oath, according to the best of his knowledge, recollection and belief, which statement was made without fraud, but it does not appear what that answer was; whether he acknowledged himself to be indebted to Fuqua or not, and if we arrive at the conclusion that he was indebted and so answered, it is only by inference from the judgment subsequently entered against him as garnishee. But admitting that the plea is sufficiently certain in that particular, there is nothing to show that his answer of indebtedness was predicated on the note in question, and not on any other debt, or by holding property of Fuqua. For any thing that appears he may have owed Fuqua other debts, or he may have had possession of property to the amount of his answer. The plea should certainly have contained an averment that this is the same debt which he acknowledged in his answer, and for which the judgments were rendered. This was the most material fact, as without it the plea is no bar to the action, admitting that the facts pleaded are all true. The demurrer was not extended to the plea, and having been overruled as to the replication, issue was taken on the matter set up in avoidance by the replication. The question presented by the issue was whether the judgments recovered against Reed, were suffered by fraud and collusion, which, in reference to the merits of this action, was a question entirely immaterial, as there was no averment that they covered and included the amount due by the

[Reed *v.* Cage *et al.*]

note, to recover which this suit was brought, without which they constituted no defence, and the issue was therefore an immaterial one. This defect cannot now be cured. We cannot award a re-pleader in favor of the party who committed the fault, nor can he avail himself of his own error, on appeal or writ of error, where the judgment is against him.

This disposes of the case, as it cannot be necessary to enquire whether the court erred in admitting testimony to establish an immaterial issue which cannot now be remedied. The general issue and two other special pleas were pleaded and issue taken, and all of the issues were found for the plaintiff, and it is not pretended that there was error as to them. The judgment must be affirmed.

Judge WRIGHT, not sitting.

[*Note.*—This cause was decided in 1835.]